[Cite as *State v. Darr*, 2018-Ohio-2136.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

TIMOTHY J. DARR

    Appellant

C.A. No.    17CA011107

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    16CR094085

DECISION AND JOURNAL ENTRY

Dated: June 4, 2018

HENSAL, Judge.

{¶1} Timothy Darr appeals his convictions and sentences in the Lorain County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} According to Trooper Corey Resendez, he was following behind a motorcycle driven by Mr. Darr when he observed Mr. Darr speeding. He attempted to initiate a traffic stop, but Mr. Darr drove away at a speed exceeding 100 miles per hour. When he finally caught up to the motorcycle, he found Mr. Darr attempting to climb over a fence into a self-storage facility. Unable to get over the fence, Mr. Darr started to run from Trooper Resendez, but tripped.

{¶3} As Trooper Resendez approached Mr. Darr, he ordered Mr. Darr to show his hands. Mr. Darr refused to produce his right hand, so Trooper Resendez again ordered him to show it. Instead, Mr. Darr reached into his waistband toward a silver object that the trooper recognized as a handgun. Trooper Resendez jumped on Mr. Darr to neutralize his use of the gun.

Mr. Darr responded by striking Trooper Resendez multiple times, attempting to free himself. Following a struggle, during which Mr. Darr never released his grip on the gun, Mr. Darr finally submitted to Trooper Resendez and was taken into custody.

{¶4} The Grand Jury indicted Mr. Darr for felonious assault, failure to comply, having weapons while under disability, illegal conveyance of weapons, assault, resisting arrest, carrying concealed weapons, improper handling of a firearm in a motor vehicle, obstructing official business, possession of drugs, and drug paraphernalia offenses. Several of the offenses included firearm specifications. Mr. Darr moved to suppress the evidence against him, arguing that Trooper Resendez did not have reasonable suspicion to initiate a traffic stop of his motorcycle. Following a hearing, the trial court denied his motion. A jury found him guilty of all but one of the offenses, and the trial court sentenced him to a total of 14 years imprisonment. Mr. Darr has appealed, assigning three errors.

II.

ASSIGNMENT OF ERROR I

TO THE DETRIMENT OF DARR, THE TRIAL COURT ADMITTED EVIDENCE THAT SHOULD HAVE BEEN EXCLUDED PURSUANT TO THE ATTENUATION DOCTRINE.

{¶5} Mr. Darr argues that the trial court should have granted his motion to suppress because Trooper Resendez did not have reasonable suspicion to initiate a traffic stop. A motion to suppress presents a mixed question of law and fact:

When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

(Internal citations omitted.)  *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

"[N]ot all seizures of [a] person must be justified by probable cause to arrest for a crime." *Florida v. Royer*, 460 U.S. 491, 498 (1983).  For example, the Ohio Supreme Court has held that an officer may stop a vehicle if he has reasonable and articulable suspicion that the driver has committed a traffic violation.  *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, ¶ 8.

{¶6}  The trial court found that Trooper Resendez initially did not have reasonable suspicion to stop Mr. Darr for speeding.  It denied his motion to suppress, however, because it found that the trooper's attempt to conduct a traffic stop did not result in a seizure of Mr. Darr. In *California v. Hodari D*, 499 U.S. 621 (1991), the United States Supreme Court explained that an arrest requires either the application of force or submission to the assertion of authority.  *Id.* at 626.  A show of authority does not constitute a "seizure" under the Fourth Amendment until it actually produces a stop.  *Id.* at 628; *State v. Sellers*, 11th Dist. Trumbull No. 2011-T-0118, 2012-Ohio-5440, ¶ 14.

{¶7}  Mr. Darr argues that Trooper Resendez testified that his motorcycle did stop momentarily after the trooper activated his takedown lights.  The video of the incident, however, shows the motorcycle slowing down at a red light as it pulls up behind another vehicle in the right turn lane.  Instead of stopping behind the other vehicle, the motorcycle coasts into the right berm, going around the vehicle in the turn lane.  Without coming to a full stop, the motorcycle proceeds to turn right at the intersection.  Upon review of the record, we conclude that the trial court's finding that the motorcycle did not stop in response to Trooper Resendez's attempt to initiate a traffic stop is supported by competent, credible evidence.

{¶8}  Mr. Darr has not challenged the trial court's finding that his high rate of speed after turning at the intersection gave Trooper Resendez reasonable suspicion to stop him.  We,

therefore, conclude that the trial court correctly denied Mr. Darr's motion to suppress. Mr. Darr's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE JURY LOST ITS WAY WHEN FINDING DARR GUILTY OF THREE YEAR GUN SPECIFICATIONS AS THERE WAS NOT CREDIBLE EVIDENCE THAT DARR COMMITTED A VOLUNTARY ACT WHEN ALLEGEDLY DISPLAYING THE WEAPON AND THEREFORE NO EVIDENCE THAT DARR EVER BRANDISHED THE WEAPON OR CAUSED THE WEAPON TO BE BRANDISHED.

## ASSIGNMENT OF ERROR III

THE JURY LOST ITS WAY TO THE DETRIMENT OF DARR WHEN FINDING HIM GUILTY OF FELONIOUS ASSAULT AS THERE WAS NO EVIDENCE OF A VOLUNTARY ACT AND THEREFORE NO EVIDENCE THAT DARR ATTEMPTED TO CAUSE HARM TO TROOPER RESENDEZ WITH A DEADLY WEAPON.

{¶9} Mr. Darr also argues that the jury lost its way when it found him guilty of felonious assault and some of the firearms specifications. When a defendant asserts that a conviction is against the manifest weight of the evidence,

> an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Weight of the evidence pertains to the greater amount of credible evidence produced in a trial to support one side over the other side. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). An appellate court should only exercise its power to reverse a judgment as against the manifest weight of the evidence in exceptional cases. *State v. Carson*, 9th Dist. Summit No. 26900, 2013-Ohio-5785, ¶ 32, citing *Otten* at 340.

{¶10} Regarding the firearm specifications, Mr. Darr argues that he did not voluntarily display his weapon and that the only reason Trooper Resendez saw it is because he tripped,

causing it to become visible as he rolled over on the ground. Under Revised Code Sections 2929.14(B)(1)(a)(ii) and 2941.145, an offender can be sentenced to an additional three-years imprisonment if he possessed a firearm during an offense and displayed the firearm, brandished the firearm, indicated that he possessed the firearm, or used it to facilitate the offense. The jury found Mr. Darr guilty of a specification under Section 2941.145 as to his felonious assault, assault, obstructing official business, and resisting arrest offenses.

{¶11} Trooper Resendez testified that, as he approached Mr. Darr while Mr. Darr was on the ground, he ordered Mr. Darr to show his hands. When Mr. Darr showed only his left hand, he ordered him to produce his right hand. At that point, Mr. Darr reached into his waistband and "produced" a handgun. Trooper Resendez testified that, after he secured Mr. Darr, Mr. Darr told him that the reason that he reached for the gun was because it was sliding down his pants and he was just attempting to retrieve it. Trooper Resendez testified, however, that, during his fight with Mr. Darr, Mr. Darr never let go of the gun.

{¶12} Trooper Resendez testified that, although Mr. Darr was unable to pull the handgun out of his pants completely, it was only because he never gave him the chance. We note that, because Trooper Resendez had to use his hands to try to wrest control of the gun from Mr. Darr, it left him more vulnerable to Mr. Darr's punches to his head. Upon review of the record, we conclude that the jury did not lose its way when it found that Mr. Darr displayed, brandished, or indicated that he possessed the gun, or that Mr. Darr used the gun to facilitate his felonious assault, assault, resisting arrest, and obstructing official business offenses. Mr. Darr's second assignment of error is overruled.

{¶13} Regarding his conviction for felonious assault, Mr. Darr argues that there was no evidence that he attempted to use the handgun to cause harm to Trooper Resendez. Section

2903.11(A)(2) provides that no person shall knowingly "[c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon[.]"

{¶14}    According to Trooper Resendez, when he ordered Mr. Darr to produce his hands, Mr. Darr did not comply and instead reached for the firearm in his pants with his right hand. Mr. Darr began pulling the gun from the waistband of his pants, but Trooper Resendez saw its silver slide, recognized it as a gun, and jumped on top of Mr. Darr in an attempt to neutralize the threat. Instead of releasing his grip on the gun, Mr. Darr struggled with Trooper Resendez for control of it, striking the trooper in the head and pushing his face. The trooper testified that, at the time Mr. Darr began producing the gun, Mr. Darr was in a low ready position. Trooper Resendez explained that someone in a low ready position does not have anyone targeted yet, but is able to get their sights on a target "in the least amount of time possible." He, therefore, interpreted Mr. Darr actions to mean that Mr. Darr was "about to aim and fire[.]" Under these circumstances, we cannot say that the jury lost its way when it found that Mr. Darr knowingly attempted to cause physical harm to Trooper Resendez by means of a deadly weapon. Mr. Darr's third assignment of error is overruled.

### III.

{¶15} Mr. Darr's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

SCHAFER, P. J.
CONCURS.

CALLAHAN, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

KENNETH N. ORTNER, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.